**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TORY BURCH LLC; ) | |
| RIVER LIGHT V, L.P., ) | |
| ) | Case No. 12-cv-9066 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DOES 1 - 100 d/b/a the aliases identified on ) | |
| Schedule "A", ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| _____ ) | |

**COMPLAINT**

Plaintiffs Tory Burch LLC and River Light V, L.P., (collectively, "Plaintiffs" or "Tory

Burch") hereby bring the present action against Defendants DOES 1-100 identified on Schedule

A attached hereto (collectively, "Defendants"), and allege as follows:

**I. JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action

pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a) and

(b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise

under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law

claims are so related to the federal claims that they form part of the same case or controversy and

derive from a common nucleus of operative facts.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may

properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in Illinois and causes harm to Tory Burch's business within this Judicial District. Through at least the fully interactive commercial Internet websites operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, "Defendant Internet Stores"), each of the Defendants has targeted and solicited sales from Illinois residents by operating online stores that offer shipping to Illinois, accept payment in U.S. dollars and, on information and belief, has sold counterfeit Tory Burch products to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Tory Burch substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action is substantially similar to previous actions filed by Tory Burch and other luxury good brands, and has been filed to combat the rampant sale of counterfeit merchandise on the Internet by anonymous individuals located abroad. In the present case, the Defendant Internet Stores trade upon Tory Burch's reputation and goodwill by selling and/or offering for sale unlicensed and counterfeit products featuring Tory Burch's federally-registered trademarks. *See Tory Burch LLC v. Does 1-100,* No. 1:12-cv-07163 (N.D. Ill. Sept. 14, 2012); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-04316 (N.D. Ill. June 21, 2012); *Deckers Outdoor Corp. v. Does 1-1,281,* No. 1:12-cv-01973 (N.D. Ill. Apr. 4, 2012); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-00377 (N.D. Ill. Jan. 27, 2012); *Deckers Outdoor Corp. v. Does 1-101,* No. 1:11-cv-07970 (N.D. Ill. Nov. 15, 2011); and *Deckers Outdoor Corp. v. Does 1-55,* No. 1:11-cv-00010 (N.D. Ill. Feb. 3, 2011); *see also Tory Burch, LLC v. Yong Sheng Int'l Trade Co., Ltd.,* No. 1:10-cv-09336-DAB (S.D.N.Y. Jan. 4, 2011) (unpublished). Tory Burch has been and continues to be irreparably damaged through consumer confusion, dilution, and

tarnishment of its valuable TORY BURCH Trademarks (as defined below) as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4.      Plaintiff Tory Burch is famous throughout the United States and elsewhere as a source of attainable luxury footwear, handbags, accessories, clothing and other products for women of all ages, including the iconic REVA ballerina-style flats, which bear Tory Burch's famous ("TT") mark.   Tory Burch's products are distributed and sold to consumers through a worldwide network of authorized retailers, distributors, and licensees, including high-end department and specialty stores, its own Tory Burch boutiques, and online.   In Illinois, Tory Burch products are offered for sale at various stores including Saks Fifth Avenue, Nordstrom, Bloomingdales, and a Tory Burch boutique located in Chicago's famous Magnificent Mile shopping district.

5.      Since the brand's founding in 2004, Tory Burch has continuously sold products under both the "TT" and TORY BURCH trademarks and stylized variations thereof.  Tory Burch has built substantial goodwill in the "TT" and TORY BURCH trademarks, and the brand is recognized worldwide as one of the most sought-after American fashion brands.  The "TT" and TORY BURCH trademarks are famous and valuable assets of Tory Burch.

6.      In addition to common law trademark rights, Tory Burch holds registrations for the marks TORY BURCH, REVA, and variations thereof in nearly 50 countries around the world (collectively, the "TORY BURCH Trademarks").   True and correct copies of a representative sampling of Tory Burch's United States Trademark Registrations are attached

3

hereto as Exhibit 1. The registrations for the TORY BURCH Trademarks are valid and subsisting, and many are incontestable pursuant to 15 U.S.C. § 1065.

7.     Tory Burch maintains strict standards for the quality of its products, and Tory Burch products are inspected and approved by Tory Burch or an agent of Tory Burch prior to distribution and sale. Consequently, consumers and potential consumers around the world associate the TORY BURCH Trademarks with footwear, handbags, apparel, accessories, and related products constructed from the highest-quality materials, style, and workmanship. The TORY BURCH Trademarks have achieved widespread fame, are widely accepted by the public, are enormously popular, and have become some of the most widely-recognized trademarks in the fashion industry. As such, the TORY BURCH Trademarks are famous marks.

**The Defendants**

8.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites operating under the Defendant Internet Stores. Each Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continues to sell his/her products to consumers within the State of Illinois.

9.     On information and belief, Defendants are an interrelated group of counterfeiters acting in active concert or copying from each other and are knowingly and willfully manufacturing, importing, distributing, offering for sale and selling products bearing counterfeit versions of the TORY BURCH Trademarks to Illinois residents. Defendants are directly and personally contributing to, inducing, and engaging in the sale of counterfeit Tory Burch products

4

as alleged herein and, on information and belief, oftentimes as partners, co-conspirators and/or suppliers in the same transaction, occurrence, or series of transactions or occurrences. The counterfeit products for sale on the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit, indicating that the counterfeit products were manufactured by and come from a common source and that Defendants are interrelated. In addition, the websites linked to Defendant Domain Names include multiple similarities, such as such as layout, text, payment methods, check-out features, website server and copyright-protected images copied from Tory Burch's <toryburch.com> website.

10. On information and belief, Defendants use multiple fictitious names and addresses to register the Defendant Internet Stores. Many of Defendants' names and addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities or states. With respect to the Defendant Domain Names, many Defendants' use a privacy service that conceals the owners' identity and contact information and many accounts are registered to the same alias. On information and belief, Defendants will continue to register new internet stores, using the identities listed in Schedule A, as well as other unknown fictitious names and addresses, for the purpose of selling counterfeit Tory Burch products unless, temporarily, preliminarily and permanently enjoined. However, Defendants use at least the aliases identified on Schedule A to conduct their businesses.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

11. Defendants engage in the offering for sale and the sale of counterfeit Tory Burch products bearing the TORY BURCH Trademarks within this Judicial District through multiple fully interactive commercial websites and Internet marketplace listings operating under at least the Defendant Internet Stores. Defendants, upon information and belief, also operate additional

websites which promote and offer for sale counterfeit goods under domain names not yet known to Tory Burch. Defendants have purposefully directed their illegal activities toward the United States and consumers in the State of Illinois through the advertising, offering for sale, and sale of counterfeit Tory Burch products into this State.

12.     Defendants, without any authorization or license from Tory Burch, have knowingly and willfully used and continue to use the TORY BURCH Trademarks in connection with the advertisement, offering for sale, and sale of counterfeit Tory Burch products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to Illinois residents and, on information and belief, Defendants have sold counterfeit Tory Burch products into Illinois.

13.     Defendants facilitate sales by designing their websites and/or marketplace listings so that they appear to unknowing consumers to be authorized online retailers or outlet stores selling genuine Tory Burch products. All of the websites are sophisticated in appearance, accept payment in U.S. dollars, offer shipping to Illinois, and target consumers in Illinois and the United States.

14.     Many of the Defendant Domain Names incorporate the TORY BURCH wordmark into the URL, and many include Tory Burch's copyright-protected images and product descriptions, making it very difficult for a consumer to distinguish such counterfeit sites from an authorized retailer.

15.     On information and belief, the websites at the Defendant Internet Stores each accept payment via credit card and/or PayPal and ship the counterfeit products via the U.S. Postal Service in small quantities to minimize detection by U.S. Customs and Border Protection.

6

16.    Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard® and PayPal® logos.

17.    Defendants' use of the TORY BURCH Trademarks in connection with the advertising, distribution, offering for sale and sale of counterfeit Tory Burch products, including the sale of counterfeit Tory Burch products into Illinois, is likely to cause and has caused confusion, mistake and deception by and among consumers and is irrevocably harming Tory Burch.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

18.    Tory Burch re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17.

19.    This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered TORY BURCH Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The TORY BURCH Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Tory Burch's products sold or marketed under the TORY BURCH Trademarks.

20.    Tory Burch is the exclusive owner of the TORY BURCH Trademarks. Tory Burch's United States Trademark Registrations (Exhibit 1), as well as Tory Burch's International Trademark Registrations, are in full force and effect.

21.     Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeit reproductions of the TORY BURCH Trademarks without Tory Burch's permission.

22.     Upon information and belief, Defendants are willfully infringing have knowledge of Tory Burch's rights in the TORY BURCH Trademarks.  Defendants' unauthorized use of the TORY BURCH Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

23.     Defendants' illegal actions constitute trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24.     Tory Burch has no adequate remedy at law, and if Defendants' actions are not enjoined, Tory Burch will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TORY BURCH Trademarks.

25.     The injuries and damages sustained by Tory Burch have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit Tory Burch products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

26.     Tory Burch hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25.

27.     Defendants' promotion, marketing, offering for sale and sale of counterfeit Tory Burch products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection or association with Defendants' or to the origin, sponsorship, or approval of Defendants' counterfeit Tory Burch products.

28.     By using the TORY BURCH Trademarks on the counterfeit products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and/or sponsorship of the counterfeit products.

29.      Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit products to the general public is a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

30.     Tory Burch has no adequate remedy at law and, if Defendants' actions are not enjoined, Tory Burch will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**COUNT III**
**CLAIM FOR INJUNCTIVE RELIEF UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d)) AS TO THE DEFENDANTS OPERATING A DEFENDANT DOMAIN NAME INCORPORATING THE TORY BURCH WORD MARK**

31.     Tory Burch hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30.

32.     Tory Burch is the exclusive owner of the TORY BURCH Trademarks.  Tory Burch's United States Trademark Registrations (Exhibit 1), as well as Tory Burch's International Trademark Registrations, are in full force and effect.  Additionally, the TORY BURCH Trademarks are famous marks pursuant to 15 U.S.C. § 1125 and were famous before and at the time of the registration of the Defendant Domain Names.

33.     Upon information and belief, Defendants have acted with the bad faith intent to profit from the unauthorized use of the TORY BURCH Trademarks and the goodwill associated therewith by registering and using, and trafficking in various domain names which are identical to, confusingly similar to or dilutive of the TORY BURCH Trademarks.

34.     Defendants have no intellectual property rights in or to any of the TORY BURCH Trademarks.

35.     Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

36.     Tory Burch has no adequate remedy at law, and the registration and use of the Defendant Domain Names has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Tory Burch.

**COUNT IV**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, et seq.)**

37.     Tory Burch hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36.

38.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their products as those of Tory Burch, causing a likelihood of confusion and/or misunderstanding as to the source of their own goods, causing a likelihood of confusion and/or misunderstanding as to affiliation, connection, or association with Tory Burch's products, representing that their products have Tory Burch's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

39.     The foregoing Defendants' acts constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510, et seq.

40.     Tory Burch has no adequate remedy at law, and Defendants' conduct has caused Tory Burch to suffer damage to its reputation and goodwill.  Unless enjoined by the Court, Tory Burch will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Tory Burch prays for judgment against Defendants as follows:

1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

   a. using the TORY BURCH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Tory Burch product or is not authorized by Tory Burch to be sold in connection with the TORY BURCH Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Tory Burch product or any other product produced by Tory Burch, that is not Tory Burch's product, or not produced under the authorization, control or supervision of Tory Burch and approved by Tory Burch for sale under the TORY BURCH Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Tory Burch, or sponsored or approved by, or connected with Tory Burch;

   d. further infringing the TORY BURCH Trademarks and damaging Tory Burch's goodwill;

   e. otherwise competing unfairly with Tory Burch in any manner;

   f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not manufactured by or for Tory Burch, nor authorized by Tory Burch to be sold or offered for sale, and which bear any of the TORY BURCH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores or any other domain name or online marketplace account that is being used to sell counterfeit Tory Burch products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Tory Burch product or not authorized by Tory Burch to be sold in connection with the TORY BURCH Trademarks; and

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Tory Burch a written report under oath setting forth in detail the manner in which Defendants have complied with paragraph 1, a through h, supra;

3) Entry of an Order that the domain names shall be changed from the current registrant to Tory Burch and that domain name registries for the Defendant Domain Names, namely VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, within two (2) business days of receipt of this Order, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Tory Burch's selection until further ordered by this Court, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to a registrar of Tory Burch's selection until further ordered by this Court;

4) Entry of an Order that, upon Tory Burch's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, Internet search engines, Web hosts, social media websites, domain-name registrars and domain name registries that are provided with notice of the injunction, cease facilitating access to any and all websites and accounts through which Defendants engage in the sale of counterfeit and infringing goods using the TORY BURCH Trademarks;

5) That Defendants account for and pay to Tory Burch all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of damages for infringement of the TORY BURCH Trademarks be increased by a sum not exceeding three times the amount thereof as provided by law;

6) In the alternative, that Tory Burch be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of any of the TORY BURCH Trademarks and $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

7) That Tory Burch be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

Dated this 12th day of November 2012.

Respectfully submitted,

   /s/ Justin R. Gaudio            

Kevin W. Guynn
Amy Ziegler
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive
Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net