**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| TORY BURCH LLC; | ) | |
| RIVER LIGHT V, L.P., | ) | Case No. 12-cv-9066 |
| | ) | |
| Plaintiffs, | ) | **Judge Elaine E. Bucklo** |
| | ) | |
| v. | ) | **Magistrate Judge Jeffrey T. Gilbert** |
| | ) | |
| ZHONG FENG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiffs Tory Burch LLC and River Light V, L.P. submit this Memorandum of Law in

support of their Motion for Entry of a Preliminary Injunction.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Plaintiffs Tory Burch LLC and River Light V, L.P. (collectively, "Plaintiffs" or "Tory Burch") bring the present action against all Defendants identified in "Schedule A" attached to the Amended Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), cyberpiracy (Count III) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV). As alleged in Tory Burch's Amended Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling products bearing counterfeits of Tory Burch's TORY BURCH Trademarks, through various fully interactive commercial Internet websites operating under at least the Defendant Domain Names and Marketplace Accounts listed in Schedule A to the Amended Complaint (collectively, the "Defendant Internet Stores").

### II.    STATEMENT OF FACTS

On November 15, 2012, this Court granted Tory Burch's Motion for a Temporary Restraining Order ("the TRO"). *See* Minute Order at Docket Entry 17. The TRO authorized Tory Burch to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronic mail at the e-mail addresses identified in Schedule A to Tory Burch's Amended Complaint and electronic publication at the Defendant Domain Names that have been transferred to Tory Burch's control. TRO at ¶ 8. Since and pursuant to entry of the TRO, dozens of PayPal accounts associated with Defendants' websites have been frozen. *See* Declaration of Justin R. Gaudio (hereinafter, "Gaudio Declaration") at ¶ 2. In addition, Tory Burch has served the TRO on the relevant domain name registries requesting transfer of the Defendant Domain Names. *Id.*

1

Tory Burch respectfully requests that this Court convert the TRO into a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offer for sale, and sale of products bearing counterfeits of the TORY BURCH Trademarks during the pendency of this litigation. As part of the Preliminary Injunction, Tory Burch requests that the Defendant Domain Names remain in Tory Burch's control and that Defendants' PayPal accounts remain frozen until completion of these proceedings.

## III.   ARGUMENT

### a)   A Preliminary Injunction Extending Relief Already Granted in the TRO is Appropriate

Tory Burch respectfully requests that this Court convert the TRO into a preliminary injunction to prevent further illegal conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Tory Burch LLC v. Does 1-100,* No. 1:12-cv-07163 (N.D. Ill. Oct. 2, 2012) (unpublished) (Docket No. 28); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-07297 (N.D. Ill. Oct. 2, 2012) (unpublished) (Docket No. 26); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-06806 (N.D. Ill. Sept. 11, 2012) (unpublished) (Docket No. 25); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-04316 (N.D. Ill. June 21, 2012) (unpublished) (Docket No. 25); *Deckers Outdoor Corp. v. Does 1-1,281,* No. 1:12-cv-01973 (N.D. Ill. Apr. 4, 2012) (unpublished) (Docket No. 19); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-00377 (N.D. Ill. Feb. 10, 2012) (unpublished) (Docket No. 36); *Deckers Outdoor Corp. v. Does 1-101,* No. 1:11-cv-07970 (N.D. Ill. Dec. 15, 2011) (unpublished) (Docket No. 42); *Deckers Outdoor Corp. v. Does 1-55,* No. 1:11-cv-00010 (N.D. Ill. Mar. 8, 2011) (unpublished) (Docket No. 38); *Tory Burch, LLC v. Yong Sheng Int'l Trade Co., Ltd.,* No. 1:10-cv-09336-DAB (S.D.N.Y. Jan. 4, 2011) (unpublished) (Docket No. 5); *Farouk Sys., Inc. v. Eyou*

*Int'l Trading Co., Ltd.,* No. 4:10-cv-02672 (S.D. Tex. Aug. 17, 2010) (unpublished) (Docket No. 21); *The North Face Apparel Corp., et al. v. Fujian Sharing Import & Export Ltd. Co., et al.,* No. 1:10-cv-01630-AKH (S.D.N.Y. Aug. 17, 2010) (unpublished) (Docket No. 21).

**i) This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied**

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

**ii) The Equitable Relief Sought Remains Appropriate**

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

(1) <u>The Domain Name Transfer Order Remains Appropriate</u>

Tory Burch seeks a conversion of the TRO entered by this Court on November 15, 2012, allowing Tory Burch to retain control of the Defendant Domain Names until the completion of these proceedings. To prevent the Defendants from further manufacture, importation,

distribution, offer for sale, and sale of products bearing counterfeits of the TORY BURCH

Trademarks and to provide notice to Defendants regarding these proceedings, Tory Burch

respectfully requests that the injunctive relief already awarded be extended through the pendency

of this case.

(2) <u>The Asset Restraining Order Remains Appropriate</u>

Tory Burch also requests a conversion of the TRO to a preliminary injunction so that

Defendants' U.S.-based financial accounts remain frozen. Since entry of the TRO, PayPal has

provided Plaintiffs with the identification of dozens of accounts linked to the Defendants'

websites which were offering for sale and/or selling counterfeit products bearing counterfeits of

Tory Burch's TORY BURCH Trademarks. In the absence of a preliminary injunction,

Defendants may attempt to move any assets from any U.S.-based financial accounts, including

PayPal accounts, to an offshore account. Therefore, Defendants' assets should remain frozen for

the remainder of the proceedings.

The amount of damages to which Tory Burch is entitled as set forth in the Amended

Complaint far exceeds any amount contained in any of the Defendants' frozen PayPal accounts.

For example, Tory Burch's prayer for relief requests statutory damages in excess of $2 million

from each Defendant. In addition, and as established in Tory Burch's TRO Memorandum, many

federal courts, including the Northern District of Illinois, have granted orders preventing the

fraudulent transfer of assets. *See, e.g., Tory Burch LLC v. Does 1-100,* No. 1:12-cv-07163 (N.D.

Ill. Oct. 2, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-07297 (N.D.

Ill. Oct. 2, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-06806 (N.D.

Ill. Sept. 11, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-04316

(N.D. Ill. June 26, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-1,281,* No. 1:12-cv-

01973 (N.D. Ill. Apr. 18, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-

cv-00377 (N.D. Ill. Feb. 10, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-101,* No. 1:11-cv-07970 (N.D. Ill. Dec. 15, 2011) (unpublished); *Deckers Outdoor Corp. v. Does 1-55,* No. 1:11-cv-00010 (N.D. Ill. Mar. 8, 2011) (unpublished); *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005); *Tory Burch, LLC v. Yong Sheng Int'l Trade Co., Ltd.,* No. 1:10-cv-09336-DAB (S.D.N.Y. Jan. 4, 2011) (unpublished); *Farouk Sys., Inc. v. Eyou Int'l Trading Co., Ltd.,* No. 4:10-cv-02672 (S.D. Tex. Aug. 2, 2010) (unpublished); *The North Face Apparel Corp., et al. v. Fujian Sharing Import & Export Ltd. Co., et al.,* No. 1:10-cv-01630-AKH (S.D.N.Y. Mar. 16, 2010) (unpublished); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV.    CONCLUSION

In view of the foregoing, Tory Burch respectfully requests that this Court enter the preliminary injunction.

Dated this 20th day of November, 2012.

Respectfully submitted,

__/s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive
Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Defendant Domain Names that have been transferred to Tory Burch's control now redirect, and I will send an e-mail to the e-mail addresses identified in Schedule A to Tory Burch's Amended Complaint that includes a link to said website.

Greer, Burns & Crain Ltd.

Attorneys for Plaintiffs
Tory Burch LLC and River Light V, L.P.

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net