**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| TORY BURCH LLC;<br>RIVER LIGHT V, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ZHONG FENG, et al.,<br><br>Defendants. | Case No. 1:12-cv-9066<br><br>**Judge Elaine E. Bucklo**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

**ORDER**

This action having been commenced by Plaintiffs Tory Burch LLC and River Light V, L.P., (together, "Plaintiffs" or "Tory Burch") against the Defendants identified in Schedule A to the First Amended Complaint and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores");

This Court having entered upon a showing by Plaintiffs, a temporary restraining order and preliminary injunction against Defendants which included a domain name transfer order and asset restraining order;

Plaintiffs having properly completed service of process on Defendants; the combination of providing notice via publication and email, along with any notice that Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and affording them the opportunity to present their objections; and

1

None of the Defendants having answered the First Amended Complaint or appeared in any way, and the time for answering the First Amended Complaint having expired;

THIS COURT HEREBY FINDS that Defendants are liable for federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), cyberpiracy (15 U.S.C. § 1125(d)) and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiffs' Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defendants are deemed in default and that this Final Judgment is entered against Defendants.

IT IS FURTHER ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a. using the TORY BURCH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Tory Burch branded product or not authorized by Tory Burch to be sold in connection with the TORY BURCH Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Tory Burch branded product or any other product produced by Tory Burch, that are not Tory Burch's or not produced under the authorization, control or supervision of Tory Burch and approved by Tory Burch for sale under the TORY BURCH Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Tory Burch, or sponsored or approved by, or otherwise connected with Tory Burch;

    d. further infringing the TORY BURCH Trademarks and damaging Tory Burch's goodwill;

    e. otherwise competing unfairly with Tory Burch in any manner;

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Tory Burch, nor authorized by Tory Burch to be sold or offered for sale, and which bear any of the TORY BURCH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Domain Names or any other domain name that is being used to sell counterfeit Tory Burch products; and

    h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, advertising, offering for sale, or sale of any product bearing the TORY BURCH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Tory Burch branded product or not authorized by Tory Burch to be sold in connection with the TORY BURCH Trademarks.

2. The Defendant Domain Names are permanently transferred to the ownership and control of Plaintiffs; the domain name registries for the Defendant Domain Names, namely, VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, within five

3

       (5) business days of receipt of this Order, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Tory Burch's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Tory Burch's selection.

3. Those in privity with Defendants and those with notice of the injunction, including any online marketplace such as iOffer, Internet search engines, web hosts, domain name registrars and domain name registries that are provided with notice of the injunction, shall immediately cease facilitating access to any and all websites and accounts through which Defendants engage in the sale of counterfeit and infringing goods using the TORY BURCH Trademarks.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages from each of the Defendants in the amount of five hundred thousand dollars ($500,000) for willful use of at least one counterfeit TORY BURCH Trademark on products sold through at least the Defendant Internet Stores for a total award in the amount of fifty million dollars ($50,000,000);

5. All monies currently restrained in Defendants' financial accounts, including monies held by PayPal, Inc. ("PayPal"), are hereby released to Plaintiffs as partial payment of the above-identified damages, and PayPal is ordered to release to Plaintiffs the amounts from Defendants' PayPal accounts within ten (10) business days of receipt of this Order.

6. Until Plaintiffs have recovered full payment of monies owed to them by any Defendant, Plaintiffs shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions including, without limitation, PayPal,

4

(collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall immediately locate and restrain any newly discovered accounts connected to Defendants or Defendants' websites, and any funds in such accounts shall be transferred to Plaintiffs within ten (10) business days of receipt of this Order.

7. In the event that Plaintiffs identify any additional domain names owned by Defendants and linking to websites selling counterfeit Tory Burch products, Plaintiffs may send notice of any contempt proceeding to Defendants by email at the email addresses identified in Schedule A to the First Amended Complaint.

8. The ten thousand dollar ($10,000) bond including any interest minus the registry fee is hereby released to Plaintiffs.

This is a Final Judgment.

DATED: January 7, 2013

_U.S. District Court Judge Elaine E. Bucklo_